# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00166-CV

**Tony Davis, Appellant**

v.

**Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates; Carrington Mortgage Services, LLC; Juanita Strickland; Janie Mucha; Atlantic & Pacific Foreclosure Services, LLC; Malcolm Cisneros; and William G. Malcolm, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT NO. D-1-GN-11-003315, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Tony Davis appeals from a summary judgment in his suit alleging wrongful foreclosure and other claims against Wells Fargo Bank, N.A., as Trustee for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates; Carrington Mortgage Services, LLC; Juanita Strickland; Janie Mucha; Atlantic & Pacific Foreclosure Services, LLC; Malcolm Cisneros; and William G. Malcolm (collectively, the Defendants).[1] We will affirm the district court's judgment.

## BACKGROUND

The Defendants' unchallenged summary-judgment evidence shows that in 2006, Tony Davis bought the real property at issue and signed a deed of trust and note in favor of

---

[1] Davis's petition named others who were never served and thus were not parties to the suit.

Network Funding, L.P. in exchange for a mortgage loan of $503,920.00. Davis defaulted on the note, and his failure to cure the default ultimately resulted in a foreclosure sale, at which Wells Fargo purchased the property. Davis sued the Defendants alleging wrongful foreclosure, fraud, civil conspiracy, and lack of due process, and seeking a quiet-title declaration that he is the "true and valid owner of the property in question." Davis also filed a lis pendens notice.

The Defendants filed a traditional and no-evidence motion for summary judgment, contending that Davis should take nothing on his claims against them.[2] Davis filed a response to the motion, but no evidence, and did not object to any of the Defendants' summary-judgment evidence. After the hearing, the district court signed an order granting summary judgment in favor of the Defendants without specifying the grounds for its ruling. This appeal followed.

## DISCUSSION

Davis's appellate arguments do not specifically address the Defendants' motion for summary judgment and do not identify any appellate issues. We construe Davis's arguments as raising an issue challenging the basis for the Defendants' summary judgment, i.e., the right to foreclose.[3] Within that issue, he contends that: (1) the note was void because the deed of trust and

---

[2] The Defendants incorporated their summary-judgment arguments into a motion to expunge the lis pendens. The trial court granted the expunction in a separate order when it granted the Defendants' summary judgment. *See* Tex. Prop. Code § 12.0071(c)(2) (providing that court shall order notice of lis pendens expunged if court determines that claimant fails to establish by preponderance of evidence "the probable validity of the real property claim").

[3] Because the standards for reviewing a summary judgment are well established and undisputed on appeal, we do not repeat them here. *See, e.g.*, Tex. R. Civ. P. 166a(c), (i); *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). We usually review a trial court's summary-judgment order under the no-evidence standard first and proceed to review the traditional summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also* Tex. R. Civ. P. 166(a)(i). Here, we address the court's ruling on the traditional summary judgment first

2

note were separated (which Davis suggests was a "bifurcation" of the security instrument from the negotiable instrument); (2) there was no valid lien on the property; and (3) removal of the lis pendens against the property was improper.[4]  In their traditional motion, the Defendants attached evidence demonstrating that Wells Fargo is the owner and holder of the note and deed of trust and that foreclosure was proper.

**No "bifurcation" of note and deed of trust**

Davis argues that the note was void because the deed of trust and note were separated or "bifurcated."  This argument appears to complain about the assignment of the deed of trust and note from Network Funding to New Century.

The Defendants averred that the assignment of the deed of trust from Network Funding to New Century was lost before it was recorded.  However, the *assigned note* from Network Funding to New Century was provided in the summary-judgment evidence, and the

---

because it is dispositive. *See Poag v. Flories*, 317 S.W.3d 820, 825 (Tex. App.—Fort Worth 2010, pet. denied); *see also* Tex. R. App. P. 47.1 (requiring "written opinion that is as brief as practicable," addressing all issues that are raised and necessary to final disposition).

[4]  For the first time on appeal, Davis argues that the note was a forgery, the document presented for securitization violated Texas and New York securities law, his warranty deed was invalid, defense counsel made willful misrepresentations, and the "judge and prosecutor do not have their oaths of office."  We do not address these arguments because a party may not raise on appeal new reasons why a summary judgment should have been denied. *See* Tex. R. App. P. 33.1 (discussing preservation of error); Tex. R. Civ. P. 166a(c) (stating that "[i]ssue not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal" and that court renders judgment on evidence "on file at the time of the hearing, or filed thereafter and before judgment with the permission of the court"); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) (noting that pro se litigants must comply with applicable procedural rules, otherwise they would be given unfair advantage over litigants represented by counsel).

mortgage followed the note that it secured. *See Campbell v. Mortgage Elec. Registration Sys., Inc.*, No. 03-11-00429-CV, 2012 Tex. App. LEXIS 4030, at *11 (Tex. App.—Austin May 18, 2012, pet. denied) (mem. op.) ("[w]hen a mortgage note is transferred, the mortgage or deed of trust is also automatically transferred to the note holder" (citing *J.W.D., Inc. v. Federal Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ))). Thus, there was no "bifurcation" of the note and deed of trust because when Network Funding assigned the note to New Century, that assignment also served to transfer the deed of trust to New Century. *See id.*

Further, Davis's deed of trust authorized his lender, Network Funding, or "any holder of the Note who is entitled to receive payment under the Note" to invoke the power of sale in the event of Davis's uncured default. Here, after a series of transactions, Wells Fargo was a "holder of the Note" and as such, had power to foreclose under the specific terms of Davis's deed of trust.

The series of transactions began with Network Funding's assignment of the note and the deed of trust to New Century Mortgage. The Defendants' unchallenged summary-judgment evidence shows that New Century indorsed the note in blank, effectively making the note payable to its bearer. *See* Tex. Bus. & Com. Code § 3.205(b) (discussing blank indorsement). New Century filed for bankruptcy. It sold its servicing business to Carrington Mortgage Services, LLC, and executed a limited power of attorney appointing Carrington Mortgage as its attorney-in-fact and authorizing Carrington Mortgage to take various actions (including executing deeds of trust/mortgage note indorsements, executing assignments of deed of trust/mortgage documents, and any other action arising in the normal course of servicing). Carrington Mortgage, as attorney-in-fact for New Century, executed an assignment of the deed of trust "together with the note or notes therein

4

described" to Wells Fargo. The note, indorsed in blank, is payable to its bearer—Wells Fargo. Thus, under the deed of trust, Wells Fargo was a "holder of the note" with the power to foreclose.

**Davis's remaining arguments**

Davis's arguments that "no valid lien exists on the property" and that the lis pendens should not have been expunged are based entirely on his contention that the foreclosure was wrongful. Similarly, his claims of wrongful foreclosure, fraud (for inducing him into a "fraudulent mortgage"), civil conspiracy (for a "sham foreclosure"), lack of due process (seeking return of his original note and deed of trust "before possession of the house can be finalized by Defendants"), and his requested declaration that he is the "true and valid owner of the property in question" complain of alleged deficiencies in the process leading to foreclosure. The Defendants' summary-judgment evidence negates Davis's allegations that the mortgage was "fraudulent," that the foreclosure was a "sham," that the note and deed of trust should be returned to Davis before possession of the house is finalized, and that Davis should be declared the owner of the property. Because we have concluded that the foreclosure was not wrongful, these remaining arguments fail.

## CONCLUSION

We overrule Davis's issue on appeal and affirm the district court's judgment.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Puryear and Goodwin

Affirmed

Filed:   August 31, 2015

5